## Marsh v. Mertz

*Edwin Shortz, Jr.*, for petitioner.
*Joseph Serling*, for respondent.

VALENTINE, J., January 13, 1938.—This is a petition by plaintiff, filed under the provisions of the Act of February 27, 1798, 3 Sm. L. 303, to require defendant to produce (for the purpose of inspection by plaintiff and his counsel) a written statement made by plaintiff concerning the happening of the accident upon which the action is based. It has been the practice to confine the production of papers to the time of the trial of the case, "unless where the parties have a common interest" in the document called for: Raub v. Van Horn, 133 Pa. 573.

In People's Trust Co. v. Pennsylvania Lodge No. 76, etc., 25 Dist R. 774, it is said that where one party relies upon an instrument in the custody of another which is

necessary to his case, and in which he has an interest entitling him to inspection, the production of such document may be compelled under the Act of 1798, supra.

It is conceded that the paper which plaintiff desires to inspect was, in fact, executed by him while he was in the hospital. It is clear that both parties to the action have a common interest in it. The answer of defendant denies that the paper is in his possession but, at the argument of the rule, defendant's counsel stated that the paper was in the possession of a representative of an insurance company which is acting as defendant's agent or representative in connection with the defense of the case. The document is not in the possession of a stranger but of defendant's representative and the possession of defendant's agent must, in law, be deemed defendant's possession.

Rule absolute.